IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MICHAEL SINDRAM | * | |
| Plaintiff | | |
| v. | * | CIVIL ACTION NO. PJM-10-681 |
| | | |
| CITY OF TAKOMA PARK POLICE | * | |
| K. GILBERT | | |
| MR. GODELEWSKI | * | |
| MR. WOLFF | | |
| TERRY JOHNSSON | * | |
| Defendants. | | |
| | *** | |

## <u>MEMORANUM OPINION</u>

The above-captioned action was filed on March 18, 2010, by Michael Sindram ("Sindram"), a frequent litigator in the federal courts. The matter is submitted as a "Verified Complaint" and Request for Injunctive Relief pursuant to Fed. R. Civ. P. 65. It was accompanied by a Motion for Leave to Proceed *In Forma Pauperis*. No hearing is deemed necessary. *See* Local Rule 105.6. (D. Md. 2008). Based on the statements set out in Sindram's indigency Affidavit, the Court will grant Sindram's Motion to Proceed *In Forma Pauperis,* but for purposes of this case only.

Before examining this case under Rule 8 on preliminary review, a brief discussion of Sindram's litigation history is in order. On March 16, 1990, Judge Frederic N. Smalkin of this Court entered an order establishing a pre-filing review procedure for all future actions Sindram might attempt to bring in this Court. *See Sindram v.* Wallin, Civil Action No. S-90-800 (D. Md.) (copy attached). The procedure is relatively straightforward. It directs the Clerk not to accept for filing actions brought by Sindram unless a judge or magistrate of the Court certifies that the Complaint or other paper is filed in good faith and not for any improper purpose, and that it has a colorable basis in law and fact.[1]

---

[1]    Sindram's appellate challenge to this pre-filing review procedure was dismissed by the Fourth Circuit.

Sindram has filed the current Complaint invoking this Court's jurisdiction under 28 U.S.C. §§ 1331, 1332, & 1367.  He requests unspecified compensatory, general, consequential, and punitive damages to be determined by a jury.  Sindram also seeks injunctive relief to stop Defendants Takoma Park Police, Gilbert, Godlewski, and Wolff from "further harassment and deprivation of…civil rights" and to "compel Defendant Johnsson to admit [him] to public events at 7700 Carroll Avenue, Takoma Park, Md."

The substance of the Complaint arises from what appears to be disputes between Sindram and Defendant Terry Johnsson.  Sindram seemingly alleges that on May 29, 2007, he was detained and cited with unspecified charges by Takoma Park Police Officers Gilbert and Wolff without probable cause and/or reasonable suspicion while at a Takoma Park church located at 7700 Carroll Avenue.   Sindram claims that on that same day Johnsson borrowed from him "family heirloom videos" valued at $500.00.  He contends that Johnsson has not returned the property and accuses him of theft and conversion.

Sindram also claims that on December 26, 2009, he was detained by Takoma Park Police Officers Gilbert, Godlewski, and Wolff without probable cause, his person or property was searched without "reasonable suspicion, and he was given a citation or "field investigative report" for "harassing minors" at 7700 Carroll Avenue.   Sindram claims the report gave no information about the charge, there were no minors present, and he did not commit the citation offense.

Sindram further claims that Johnsson falsely held himself out to as an official of the church and defamed him by making a false police report. He contends that according to the December 2009

---

*See Sindram v. Wallin*, 905 F.2d 1531, 1990 WL 74258 (4th Cir. May 18, 1990).  His requests to vacate Judge Smalkin's pre-filing order were denied by this Court in 2004 and 2005 and affirmed by the Fourth Circuit. *See Sindram v. Wallin*, 126 Fed. Appx. 122, 2005 WL 900156 (4th Cir. April 19, 2005).  In sum, although the pre-filing order was entered twenty years ago, it still remains in effect.

citation he cannot return to the church property for one year.  He asks for injunctive relief so that he can resume his attendance without interference from Johnsson and Takoma Park Police.

The undersigned first examines Sindram's request for injunctive relief under Rule 65.  Under the law in this Circuit, the party seeking the preliminary injunction must demonstrate: (1) by a "clear showing" that he is likely to succeed on the merits at trial; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest.  *See Winter v. Natural Resources Defense Council, Inc.*, --- U.S. ---, 129 S.Ct. 365, 374-376 (2008).[2]

The Court concludes that Sindram's claims do not warrant emergency injunctive relief.  *See In re Microsoft Corp. Antitrust Litigation*, 333 F.3d 517, 529-530 (4th Cir. 2003), *Direx Israel, Ltd. v. Breakthrough Medical Corporation*, 952 F.2d 802, 812 (4th Cir. 1991); *Dan River, Inc. v. Icahn*, 701 F.2d 278, 284 (4th Cir. 1983) (required "irreparable harm" must be neither remote nor speculative, but actual and imminent).  Under Rule 65(b) a request for temporary restraining order will only be granted without written or oral notice to the adverse party or its attorneys if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damages will result to the movant before the adverse party can be heard in opposition…"

Sindram's request for a temporary restraining order in the present case does not meet the exacting standard under *Winter* and Rule 65.  He has not established the immediate and irreparable injury, loss, or damage will result to him if the requested relief is not granted.  While he seemingly asserts that he will suffer irreparable harm if he is not allowed to attend church functions, his

---

[2]        The previous Fourth Circuit balance-of-hardship test set out in *Blackwelder Furniture Co. v. Seilig Manufacturing Co.*, 550 F.2d 189 (4th Cir. 1997) is no longer to be applied when granting or denying preliminary injunctions.  Rather, the standard articulated in *Winter* governs the issuance of such emergency relief.  *See Real Truth About Obama, Inc. v. Federal Election Com'n*, 575 F. 3d 342, 346-47 (4th Cir. 2009).

3

inability to get onto the property of a particular church for a set period of time clearly lacks the urgency of possible immediate harm that would justify a temporary restraining order.  While any delay in Sindram's access onto church property may be inconvenient, it is not irreparable.  In sum, the conditions set out by Sindram do not warrant immediate emergency or preliminary injunctive relief.  Therefore, relief under Rule 65 will be denied.

As to the merits, Sindram seeks to invoke 28 U.S.C. §§ 1331, 1332, & 1367.  Addressing Sindram's § 1332 diversity claim against Johnsson for defamation, theft, and conversion, the Court shall dismiss same without prejudice as it lacks subject matter jurisdiction.  This is a court of limited original jurisdiction that does not sit to review every claim related to alleged tortious conduct involving non-federal parties.  This Court has authority to review such claims if the moving party is able to invoke diversity of citizenship jurisdiction.

When a party seeks to invoke diversity jurisdiction under § 1332, he bears the burden of demonstrating that the grounds for diversity exist, including the $75,000.00 amount in controversy. *See Advani Enterprises, Inc. v. Underwriters at Lloyds*, 140 F.3d 157, 160 (2d Cir. 1998).  Sindram seeks no monetary amount against Johnsson for his defamation claims and alleges that his property, valued at $500.00, was stolen and converted by Johnsson.  It is a firmly established general rule of the federal courts that a plaintiff's claim is the measure of the amount in controversy and determines the question of jurisdiction.  *See McDonald v. Patton*, 240 F.2d 424, 425-26 (4th Cir. 1957). The broad sweep of the rule is subject to the qualification that a plaintiff's claim must be made in good faith--there must be no pretense to the amount in dispute.  *Id.*   In addition, while good faith is a salient factor, it alone does not control; if it appears to a legal certainty that the plaintiff cannot recover the jurisdictional amount, the case will be dismissed for want of jurisdiction.  *See St. Paul*

*Mercury Indemnity Co. v. Red. Cab Co.*, 303 U.S. 283, 289 (1938); *see also Shanaghan v. Cahill*, 58 F.3d 106, 100 (4th Cir. 1995).

In the instant case Sindram alleges that Johnsson filed a false police report against him and stole $500.00 in property. When considering the tort damages allegedly suffered by Sindram, the Court is not satisfied to a legal certainty that his claim is colorable for the purpose of conferring federal jurisdiction. In sum, the Court finds that Sindram's cause of action does not, as currently pled, satisfy diversity of citizenship requirements.

With regard to Sindram's 28 U.S.C. § 1331 claims, the only factual allegations that can be inferred from the Complaint are that Sindram was "detained" while on church property on two separate occasions by Takoma Park Police. He does not describe the scope, length, or substance of these "detentions" with any specificity or factually relate how they allegedly violated his Fourteenth Amendment rights. While *pro se* complaints are to be generously construed, federal courts are not required to conjure up questions never squarely presented to them or to act as an advocate for a *pro se* claimant. *See Brock v. Carroll*, 107 F.3d 241, 242-43 (4th Cir. 1996); *Weller v. Department of Social Servs.*, 901 F.2d 387, 391 (4th Cir. 1990); *Beaudett v. City of Hampton*, 775 F. 2d 1274, 1277 (4th Cir. 1985). Pursuant to Fed. R. Civ. P. 8(a), a pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks. Moreover, each "averment of a pleading shall be simple, concise, and direct. " Fed. R. Civ. P. 8(e)(1). Threadbare recitals of the elements of a cause of

action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, --- U.S. ---, ---, 129 S.Ct. 1937, 1949 (2009).   Sindram, who is well versed in federal court practices, has filed allegations which are conclusory in nature and are currently insufficient to state a claim under 28 U.S.C. § 1331.

Finally, the Court observes that Sindram's filing is not accompanied by a motion for certification, as required pursuant to the pre-filing review requirements established in *Sindram v. Wallin*, Civil Action No. S-90-800.  Sindram has failed to comply with pre-filing requisites and has not at present demonstrated that his Complaint has been filed in good faith.  Accordingly, his case shall be dismissed without prejudice.  A separate Order follows.


Date: March 24, 2010                          _____/s/_____
                                              PETER J. MESSITTE
                                              UNITED STATES DISTRICT JUDGE